The Honorable Douglas C. Kidd State Representative Post Office Box 137 Benton, Arkansas 72018
Dear Representative Kidd:
This is in response to your request for an opinion on the following question:
 Does A.C.A. § 26-35-601(c)(2) (which allows third party creditors to pay real estate taxes) also apply to closing agents or abstract companies so as to permit them to pay real estate taxes for a property owner?
Arkansas Code Annotated § 26-35-601 (Repl. 1992) provides in part:
 (a) All collectors in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate. . . .
 (c)(1) It is the intention of this section to require the collection of personal taxes as reflected by the records in the office of the collector and to prevent a taxpayer from paying and the collector from receiving payment of general real estate taxes without payment of personal taxes if any personal taxes are shown to be due.
 (2) The provisions of this section shall not prevent any person, firm, partnership, or corporation from paying general real estate taxes on property securing the payment of indebtedness due the person, firm, partnership, or corporation seeking to pay the taxes.
In Opinion No. 95-289 (copy enclosed), I opined that the clear intent of A.C.A. § 26-35-601(c)(2) is to permit a mortgagee or other lien holder to pay real estate taxes due upon the property that is the subject of the lien regardless of whether personal property taxes are then due from the mortgagor and regardless of whether any personal property taxes then due are simultaneously paid. Since they are not normally lien holders or mortgagees, it is my opinion that closing agents and abstract companies may not pay real estate taxes for a property owner prior to payment of the taxpayer's personal property taxes unless the real estate taxes are on property that is securing the payment of indebtedness due the closing agent or abstract company.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh